IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

      v.                                             :     CRIMINAL NO. 02-361

FELIX ROMAN                            :

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM   MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)

The government files this short reply brief to address the dispositive Third Circuit decisions that were issued after it filed its initial brief, and because it disagrees with the characterization of those cases in the defendant's supplemental memorandum.  It is the government's position that the Court's decision in United States v. Mateo, 560 F.3d 152 (3d Cir. 2009) is controlling here, and does not leave open the possibility of granting a reduction in this case.  To the extent that Mateo does not completely control the issue presented here, the Court's decision in United States v. Doe, 2009 WL 1151939 (April 30, 2009), leaves no doubt that Roman is not eligible for a sentence reduction.

In Mateo, the Court held that career offenders are not entitled to a reduction under Section 3582(c) and Amendment 706.  The Court explained:

> Here, the crack cocaine amendment ordinarily would have served to lower Mateo's base offense level from 28 to 26 under § 2D 1.1(c).  However, Mateo's sentencing range was determined based on the alternaive career offender offense level as stipulated by § 4B 1.1.  As a career offender, Mateo's base offense level remains 34 no matter whether the otherwise applicable base offense level - absent Mateo's career offender status - is 28 or 26.  Keeping all other Guidelines calculations unchanged, application of Amendment 706 still yields a sentencing range of 188-235 months, based on a total offense level of 31 and a Criminal History category of VI.  Amendment 706 does not affect Mateo's applicable

>sentencing range, and therefore § 3582(c)(2) does not authorize a reduction in his sentence.

Id. at *2.

As in Mateo, the defendant here argues that his sentence was "based on" a sentencing range that has been lowered because the amendment lowers the base offense level and thus the Section 2D1.1 range. The Mateo Court expressly rejected the expansive reading of "based on" advanced by the defendant here. The Court concluded that the language of the statute was clear and unambiguous: "[t]he term 'sentencing range' clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." Id., (quoting United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008) . As in Mateo, the court imposed a sentence within the career offender guideline range. The fact that the defendant moved for but did not receive a Shoup departure from the career offender range is completely irrelevant to this analysis. This case is indistinguishable from Mateo, and its holding must be applied.

Moreover, even if a Shoup departure had been granted in this case, the Court's decision in Doe effectively forecloses the position that a defendant who received a Shoup departure is nonetheless eligible for a reduction. In Doe, the Court held that a defendant whose guideline range was set by the statutory mandatory minimum penalty was not eligible for a sentence reduction because the amendment did not lower the applicable sentencing range. The defendants were subject to mandatory minimum sentences that exceeded their Section 2D1.1 guideline ranges, and the mandatory sentences thus subsumed and replaced their Section 2D1.1 ranges and became the applicable guideline range. 2009 WL 1151939 at *1. The government moved for departures from the mandatory minimum and the guideline range based upon the

defendants' substantial assistance, and the court granted those motions and imposed sentences below both the mandatory minimum guideline sentence and the otherwise applicable guideline range. Id. at *2.

The district court denied the defendants' motions for a reduction under Section 3582(c) and Amendment 706 because a reduction was not consistent with the Commission's policy statements set forth in Section 1B1.10. Id. at *2. The Third Circuit agreed with the district court's conclusion, ruling that the policy statements of Section 1B1.0 were indeed binding and must be applied by the courts, and that the policy statements required that the amendment must have actually had the effect of lowering the applicable guideline range. Id. at *4. The Court specifically rejected the defendant's argument that the term "applicable guideline range" as used in Section 1B1.10(a)(2) refers to the Section 2D1.1 range and not the range set by the mandatory minimum, finding that the mandatory minimum subsumed and replaced the Section 2D1.1 range, and the granting of a departure from the mandatory minimum did not affect this analysis. Thus, as the defense concedes, Doe held that the "applicable guideline range" is the guideline range before the application of a reduction. Memo at 4, n.2. This same logic extends to a Shoup departure situation. The "applicable guideline range" under Section 1B1.10 is the career offender range and not the Section 2D1.1 range, which was subsumed and replaced by the career offender range. The fact that a departure was granted is not germane to the dispositive question: whether the amendment lowers the applicable guideline range. In the career offender scenario, it does not, and a reduction is not permitted. In any event, this Court did not grant a Shoup departure in this case, and sentenced the defendant within the career offender range. The defendant is not eligible for a reduction.

In an effort to avoid this insurmountable obstacle, the defendant argues that he is nonetheless eligible for a reduction if the Court would have granted a <u>Shoup</u> departure at the original sentencing if the amended Section 2D1.1 base offense level had been in place at that time.  The defendant offers no support for this position other than his own tortured analysis distinguishing a guideline "determination" from a guideline "application," and his claim that Section 1B1.10 does not prohibit the court from revisiting a guideline determination such as  a request for a <u>Shoup</u> departure in the context of a Section 3582(c) motion.  There is simply no authority for this extraordinary proposition, which flies in the face of years of jurisprudence on the parameters of a Section 3582(c) reduction, as it would allow a court to grant a sentence reduction based on something it might have but did not do at the original sentencing hearing.  <u>Booker</u> does not provide an independent basis for a reduction not otherwise allowable under Section 3582(c), <u>see</u> <u>Mateo</u>, 560 F.3d at 155, and there is no other authority which could conceivably be interpreted to allow a rejected departure request to provide an independent basis for a reduction that does not otherwise meet the criteria of Section 3582(c).  The bottom line is that a reduction is not authorized unless the amendment lowers the applicable guideline range.  The amendment does not lower the applicable guideline range in this case.  That is the end of the inquiry, and no relief may be granted.

In sum, Roman is not eligible for a reduction as a matter of law because his guideline range was not affected by the amendments. Roman's motion must be denied.

        Respectfully yours,

        LAURIE MAGID
        United States Attorney

        _____
        BERNADETTE McKEON
        Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) has been served by electronic filing upon:

> Maranna Meehan
> Defender Association of Philadelphia
> Federal Court Division
> The Curtis Center Building
> 601 Walnut Street
> Suite 540 West
> Independence Square West
> Philadelphia, PA 19106

_____
BERNADETTE McKEON
Assistant United States Attorney

Dated:   May 11, 2009